UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LAUREN ZAJAC, on behalf of herself and all others similarly situated, | ) ) ) | C/A: 2:16-cv-1856-PMD |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **ORDER FOR CONDITIONAL CLASS CERTIFICATION** |
| RED WING, LLC d/b/a RED'S ICE HOUSE; CECIL CROWLEY, individually; DIANNE CROWLEY, individually; and JOHN DOES 1-10, individually, | ) ) ) ) ) | **AND TO AUTHORIZE NOTICE TO PUTATIVE CLASS MEMBERS** |
| Defendants. | ) ) | |

This action came before this court on a Consent Motion (ECF 23) filed by Plaintiff, Lauren Zajac ("Zajac"), on behalf of herself and all others similarly situated, including all opt-in Plaintiffs, (collectively, "Plaintiffs"), by and through their counsel, and with the consent of the Defendants Red Wing, LLC d/b/a Red's Ice House ("Red's"); Cecil Crowley ("C. Crowley"); and Dianne Crowley ("D. Crowley"), by and through their counsel,[1] seeking an Order of Conditional Collective Action Certification and to Authorize Notice to Putative Collective Action Members, pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216. (Reds, C. Crowley, D. Crowley, and John Does 1-10 collectively "Defendants") (Plaintiffs and Defendants jointly "Parties").

---

[1] Plaintiffs have also filed this action against Defendants John Does 1 – 10, individually, in case discovery reveals other individuals who control the wages of Plaintiffs such that they also would qualify as an employer. Counsel for Defendants do not represent John Does 1 – 10 because their identities are unknown. Accordingly, they are unable to "consent" to this motion on their behalf. Plaintiffs, however, request that the Court also grant Conditional Certification against John Does 1 – 10. Defendants do not object to Plaintiffs' request, therefore, this court, for judicial efficiency, grants this request.

The Parties respectfully request this Honorable Court to order the following:

1.  Conditional certification of this action as a collective action under 29 U.S.C. § 216(b).

2.  The Putative Class shall be defined as: "All current and former servers and bartenders of Red's who were paid a direct, or hourly, rate less than the statutory minimum wage of seven and 25/100 ($7.25) per hour and were required to participate in the tip pool." The putative class shall be limited to those servers and bartenders who meet the foregoing definition and were employed within the prior three years of the mailing of the notice, plus the length of time of the agreed "Tolling of the Statute of Limitations" as noted in Paragraph 16.

3.  The Notice and Consent ("Notice")[2] (ECF 23-1) is appropriate to provide notice to the Putative Class Members ("Members"), via U.S. Mail, and for allowing Members to opt-in, or join, the class. The mailing envelope shall have a return address as follows:

    > Red's Lawsuit
    > Important Notice of Your Legal Rights
    > PLEASE OPEN & READ
    > P.O. Box 26170
    > Santa Ana, CA  92799

Enclosed, with the Notice, there will be a self-addressed, postage-paid envelope using the name and mailing address of Plaintiffs' counsel for both the address and return address.

4.  The Email Notice (ECF 23-2) is appropriate for sending notice to Members via email. The subject line of the email shall read:  Red's Lawsuit – Please Read.

5.  The Text Message Notice Via Cell Phone (ECF 23-3) is appropriate for sending

---

[2] The Parties have agreed to send a Joint Notice to all individuals employed at either of the Red's Icehouse locations, despite the fact that these cases are being litigated separately. The sister case is *Zajac, et al. v. Ice House on Bohicket, LLC, et al.*, 2:16-cv-01869-PMD. The Notice form has a space to indicate at which location the individual worked. If the individual indicates on the form that they worked at both the Shem Creek and Bohicket locations, the consent to opt-in will serve as a consent to join both lawsuits.

notice to Members via text message, if the conditions outlined below occur.

6. Notice shall be authorized to Members for a thirty (30) day period of time. Members will have thirty (30) days from the date of the Notice to return their Consent form.[3] Timeliness will be determined based upon the date that the Consent is post-marked or an email is sent with the completed "Consent to Join."

7. The Parties shall use the services of Third Party Administrator, Simpluris, Inc. ("TPA"), with Case Manager Stephen Gomez, to handle distribution of the various notices. Defendants shall pay all fees and costs of the TPA.

8. Within five (5) calendar days[4] of the entry of this Order, Defendants shall provide, in electronic format, if available, the TPA, for all Members,[5] the following information:

    (a) Names;

    (b) Latest mailing address on file determined from payroll records; and

    (c) Latest email address used for scheduling purposes by Red's.

9. The TPA shall not provide Plaintiffs' counsel with the names, mailing addresses, email addresses, or cell phone numbers of the Members; however, the TPA shall, within seven (7) days of receiving this information from Defendants, provide Plaintiffs' counsel with the following information: (a) the number of Members; (b) the number of mailing addresses; and (c) the number of email addresses.

---

[3] Defendants expressly agree to toll the Statute of Limitations for two (2) days only for those Members who are sent Notice via text message.

[4] To the extent any deadline in this Order falls on a Saturday, Sunday, or legal holiday, the deadline will fall on the next day that is not a Saturday, Sunday, or legal holiday.

[5] To avoid the TPA sending notices to Members who by joining the lawsuit, after they receive the notice from the TPA, would be outside of the potential three (3) year statute of limitations, Defendants shall provide the TPA with Members who have been employed at any time within the prior three (3) years of mailing of the notice, plus the thirty-six (36) days, which is the time that the Parties agreed to toll the Statute of Limitations (noted in Paragraph 16 below).

10. As soon as business will allow, but before the TPA's deadline for distributing Notice as set forth in Paragraph 11, the TPA shall email counsel for Plaintiffs and counsel for Defendants an example of both envelopes—the one containing the Notice and the return envelope, along with copies of (ECF 23-1,[6] 23-2, 23-3).  Within one (1) business day of receipt of these envelopes and Notices, counsel for Plaintiffs and counsel for Defendants shall advise the TPA, as well as their opposing counsel, if the envelopes and Notices are correct or what revisions are needed.

11. The TPA shall, within three (3) calendar days of receipt of the information from Defendants as set forth in Paragraph 8:

    (a) Perform a skip trace to determine all Members' up-to-date mailing address;

    (b) Insert proper dates in the Notices where appropriate;

    (c) Provide counsel for Plaintiff and counsel for Defendants the envelopes and Notices to review in accordance with Paragraph 10 above;

    (c) Mail, via first class U.S. mail, a copy of (ECF 23-1) to the best possible address, as determined by the TPA; and

    (d) Email, to all Members with an email address, a copy of (ECF 23-2) with (ECF 23-1) attached.

9. If (ECF 23-1 and ECF 23-2) are returned as undeliverable for a Member, the TPA shall within one (1) business day, notify counsel for Defendants of the Member whose notice was returned as undeliverable.  Within one (1) business day, Defendants shall supply the TPA with the latest cell phone number for that Member, if available.  The TPA shall then, within one

---

[6] The TPA will need to insert the appropriate dates where the Notice has yellow hilites.

(1) business day, send the Text Message Via Cell Phone (ECF 23-3) to the cell phone number for that Member.

13.     If the TPA receives any completed Consents, the TPA shall, within twenty-four (24) hours of receiving the Consent, email a copy to counsel for Plaintiffs to be filed with the Court.  The TPA shall also, within five (5) calendar days, mail the original consent to counsel for Plaintiffs.

104.    Within thirty-five (35) days of the Notice being mailed, Plaintiffs' counsel shall send the TPA and counsel for Defendants a list of all Members from whom they received completed Consents.

15.     Within forty (40) days of the Notice being mailed, the TPA shall send the identical report to counsel for the Parties, showing all activity of the TPA in this action, redacting the names and contact information of all Members who are not on the list sent by Plaintiffs' counsel in Paragraph 14 above.  This report shall include a redacted list of all Members and whether the TPA mailed, emailed, and sent a text message, along with indications of which of these methods, if any, were unsuccessful.  This report shall also include any telephone calls received from any Member, along with what subsequent action, if any the TPA took.[7]

16.     The Parties have expressly agreed that the Statute of Limitations has been tolled for all FLSA claims beginning on August 25, 2016 through September 29, 2016, the date of the filing of this Consent Motion for Conditional Certification.  Thus, this court grants tolling of the Statute of Limitations for all FLSA claims, for all Putative Members, for a total of thirty-six (36) days.

---

[7] Plaintiffs contend that there is a high probability that some U.S. mail and emails will never be returned as undeliverable, but also never received by the Member.  If Plaintiffs can prove this has occurred, the Court will consider what corrective action, if any, is needed.

17.     Plaintiffs have agreed to withdraw, *without prejudice*, the portion of their Motion for Rule 23 Class Certification (ECF 14).  Plaintiffs are free to file this Motion at any future time.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**October 4, 2016**
**Charleston, South Carolina**